Opinion filed August 14, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed August 14,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00340-CR

                                                    __________

 

                                JILLANNA BRITT WELCH, Appellant

                                                             V.

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 385th District Court

                                                         Midland
County, Texas

                                                 Trial
Court Cause No. CR29627

 



 

                                             M
E M O R A N D U M  O P I N I O N

This
is an appeal from an order adjudicating guilt.  Jillanna Britt Welch originally
entered a plea of guilty to the offense of theft.  Pursuant to the plea bargain
agreement, the trial court deferred the adjudication of guilt, placed appellant
on community supervision for three years, and assessed a $750 fine.  After a
hearing on the State=s
second amended motion to adjudicate, the trial court found that appellant had
violated the terms and conditions of her community supervision, revoked her
community supervision, adjudicated her guilt, and imposed a sentence of
confinement for two years in a state jail facility.  We affirm.

                                                                  Issue
on Appeal








In
her sole issue on appeal, appellant argues that her trial counsel afforded her
ineffective assistance of counsel during the adjudication proceedings. 
Specifically, appellant contends that trial counsel failed to timely inform her
of a plea offer and failed to offer Ameaningful
advice on whether to accept the plea [offer].@

                                                              Standard
of Review

In
order to determine whether appellant=s
trial counsel rendered ineffective assistance at trial, we must first determine
whether appellant has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Wiggins v. Smith, 539 U.S. 510, 520 (2003); Strickland v.
Washington, 466 U.S. 668, 690 (1984); Andrews v. State, 159
S.W.3d 98, 101 (Tex. Crim. App. 2005); Hernandez v. State, 988
S.W.2d 770 (Tex. Crim. App. 1999).   We must indulge a strong presumption that
counsel=s conduct fell
within the wide range of reasonable professional assistance.  Bone v. State,
77 S.W.3d 828, 833 (Tex. Crim. App. 2002); Stafford v. State, 813
S.W.2d 503, 508-09 (Tex. Crim. App. 1991).

                                                                        Analysis

Appellant=s position is predicated on
the assumption that the State made a plea offer before the hearing on the
motion to adjudicate, but nothing in the record supports this:  the clerk=s record does not contain a
plea offer, the record from the hearing is silent, and no testimony and no
documentation was offered at the hearing on the motion for new trial. 

We
have reviewed the record and conclude that the record before this court
reflects that trial counsel provided reasonably effective assistance of
counsel.  Trial counsel cross-examined the State=s
only witness, appellant=s
community supervision officer, and elicited testimony from appellant concerning
her explanations for the alleged violations.  Appellant has neither overcome
the presumption in Bone, 77 S.W.3d 828, nor established ineffective
assistance under the test set forth in Wiggins, 539 U.S. 510; Strickland,
466 U.S. 668; Andrews, 159 S.W.3d 98; and Hernandez, 988
S.W.2d 770.  The sole issue is overruled.

                                                                        Holding

The
judgment of the trial court is affirmed.

 

August 14, 2008                                                                                   PER
CURIAM

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.